IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RUBLE L. HECK-DANCE,<br><br>        Plaintiff<br><br>        v.<br><br>INVERSIONE'S ISLETA MARINA,<br>INC., et al.,<br><br>        Defendants | CIVIL NO. 09-1327 (JP) |

**OPINION AND ORDER**

Before the Court is Defendant Inversiones Isleta Marina's ("Isleta Marina") motion to dismiss (**No. 26**) and Plaintiff Ruble Heck-Dance's ("Heck") oppositions thereto (Nos. 27 and 28). Plaintiff Heck brought this lawsuit against Defendant alleging, *inter alia*, violations of 42 U.S.C. § 1983; and The Fair Debt Collection Practices Act, 15 U.S.C. § 1692e.  Defendant Isleta Marina moves to dismiss the case for insufficient process and service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and (b)(5). For the reasons stated herein, Defendant's motion is hereby **GRANTED**.

**I.    FACTUAL ALLEGATIONS**

Plaintiff's claim arises from events that date back to September 1992.  In September 1992, Defendant Isleta Marina filed a suit in the State Court of Fajardo against Plaintiff for money owed to Isleta Marina.  After Plaintiff failed to appear, the Fajardo Court issued a default judgment against Heck.  The Fajardo Court

CIVIL NO. 09-1327 (JP)          -2-

issued an execution of judgment for Heck's property, including the boats "Indigo" and "Nitty Gritty." Subsequent to the execution of judgment, Heck and Isleta Marina entered an agreement in which Plaintiff agreed to pay the money owed to Isleta Marina. When Plaintiff failed to comply with the agreement, Defendant sought to execute the judgment previously obtained. Plaintiff responded by fling two petitions for bankruptcy. Plaintiff voluntarily withdrew one petition while the other was dismissed by the Bankruptcy Court.

In the complaint in this case, Plaintiff alleges that in the previous state court proceedings Defendant provided the state court with false documentation. As a result of these documents, the state court allegedly seized the home and vessel of Heck known as "Indigo." Heck also claims that he was improperly served when the default judgment was entered against him. Specifically, he states that Isleta Marina lied to the state court when it informed the court that it had provided notification to Heck through service by publication. Furthermore, Heck claims that Isleta Marina has made him pay the default judgment on more than one occasion.

**II.  LEGAL STANDARD FOR A MOTION TO DISMISS**

According to the Supreme Court, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). As such, in order to survive a motion to dismiss, a complaint must state a claim to relief

CIVIL NO. 09-1327 (JP)            -3-

that is plausible on its face, not merely conceivable. Id. at 1974. The First Circuit has interpreted Twombly as sounding the death knell for the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007), quoting Twombly, 127 S. Ct. at 1969. Still, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992).

### III. **ANALYSIS**

In the instant action, Plaintiff filed proof of service with the Court (No. 6). In the proof of service, Luis Valentín stated that: (1) he served Alberto L. Trigo on April 22, 2009; and (2) Alberto L. Trigo is designated by law to accept service of process on behalf of Defendant Isleta Marina. Subsequently, Defendant filed the instant motion requesting that the Court dismiss Plaintiff's case on the grounds that Heck improperly served Isleta Marina. The Court will now consider Defendant's argument.

#### A.   **Improper Service**

Under Federal Rules of Civil Procedure 12(b)(4) and (b)(5), courts may dismiss an action when a Defendant is improperly served.

CIVIL NO. 09-1327 (JP)            -4-

Federal Rule of Civil Procedure 4(h)(1)(A) states that a corporate defendant can be served pursuant to the law of the state in which the district court is located. Plaintiff argues that he properly effectuated service upon Defendant because service was provided in accordance with Puerto Rico law.

There are two relevant sources of law in Puerto Rico which govern service upon corporations: (1) Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure; and (2) the Puerto Rico Laws on Corporations, P.R. Laws Ann. tit. 14, § 3126. Under Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure, a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or designated by law to receive service of process." Furthermore, under the Puerto Rico Laws on Corporations, plaintiffs can serve corporate defendants by:

> personally delivering a copy of the process to any officer or director of the Corporation in Puerto Rico, or by leaving it at the dwelling place or usual place of abode of any officer, director or registered agent in Puerto Rico or at the registered office or other place of business of the corporation in Puerto Rico.

Boateng v. Inter-American University, 188 F.R.D. 26, 29-30 (D.P.R. 1999) (citing P.R. Laws Ann. tit. 14, § 3126).

Defendant challenged the service of process as insufficient. To support its contention, Defendant submitted a statement under penalty of perjury by Alberto Trigo stating that: (1) he is an

CIVIL NO. 09-1327 (JP)          -5-

independent contractor and not an employee of Isleta Marina; (2) he has never been personally served with a summons and complaint for the instant case; (3) he received a copy of the complaint via mail; and (4) he is not, nor has he ever been, authorized to receive service of process on behalf of Isleta Marina.

Based on the statement submitted by Alberto Trigo, Plaintiff's service of process was insufficient. Plaintiff did not deliver the complaint and summons to "to an officer, managing or general agent" of Isleta Marina because Alberto Trigo was only an independent contractor of Defendant. Moreover, Plaintiff did not serve the complaint on an "agent authorized by appointment or designated by law to receive service of process" because, as stated in the sworn statement, Alberto Trigo has never had such power. Lastly, Defendant was not served at its registered office or other place of business because Alberto Trigo only received a copy of the complaint via mail. Thus, Plaintiff did not properly serve Defendant.

When a Defendant challenges service of process, the burden shifts to the Plaintiff to show that service of process was sufficient. <u>Rivera-López v. Municipality of Dorado</u>, 979 F.2d 885 (1st Cir. 1992) ("once challenged, plaintiffs have the burden of proving proper service"). In the instant action, Plaintiff has failed to show that service was proper. Plaintiff claims that service was proper because the complaint and summons were served:

CIVIL NO. 09-1327 (JP)          -6-

(1) on Alberto Trigo who everyone thought was a manager at Isleta Marina; and (2) at the Isleta Marina office.[1]

Plaintiff's argument that there was proper service since everyone *thought* Alberto Trigo was the manager at Isleta marina must fail because it is irrelevant what everyone thought.  The position actually held by Alberto Trigo was that of independent contractor, not manager or any other type of employee of Isleta Marina.  Plaintiff's argument that Alberto Trigo was served in the Isleta Marina office must also fail because the proof of service merely stated that Alberto Trigo was served, but makes no mention of where he was served.[2] On the other hand, Defendant submitted a sworn statement stating that Alberto Trigo only received a copy of the complaint in the mail.  Thus, the Court concludes that Plaintiff has failed to show that service was proper.

---

1.   Plaintiff also claims that Defendant waived the right to challenge the service of process because the instant motion was filed more than seventy days after proof of service was filed with the Court. However, this argument lacks merit because the Federal Rules of Civil Procedure do not require that a challenge to service of process be made within a certain number of days since the proof of service was filed. Rather, Rule 12(h)(1) only requires that Defendant raise the defense of insufficient process in its responsive pleading. Here, Defendant timely filed the defense because Isleta Marina filed it in its motion to dismiss which was submitted in lieu of the answer.

2.   Plaintiff relies on his original proof of service which stated that the complaint was served at the Isleta Marina office. However, said filing cannot support Plaintiff's argument because when proof of service is amended the Court can only consider the amended proof of service, and the original proof of service is superseded and no longer performs a function in the case. Cf. Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (finding that when a complaint is amended, the earlier complaint is considered a "dead letter and 'no longer performs any function in the case'"). Thus, the Court only considers the amended proof of service. Moreover, even if the Court were to consider the original proof of service, Plaintiff's server lacks credibility as he has already incorrectly sworn, on two occasions, to the fact that Alberto Trigo was designated by law to accept service of process on behalf of Defendant.

CIVIL NO. 09-1327 (JP)            -7-

**IV.   CONCLUSION**

Thus, the Court holds that Plaintiff failed to properly serve Defendant Isleta Marina because more than 120 days have passed since the filing of the complaint.  The Court will dismiss Plaintiff's complaint without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  In accordance with this Opinion and Order, the Court will enter a separate judgment.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 7th day of October, 2009.

                                           s/Jaime Pieras, Jr.
                                         JAIME PIERAS, JR.
                                   U.S. SENIOR DISTRICT JUDGE